FILED

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2016 DEC -1   PM 3: 42

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

KGK SYNERGIZE, INC.,

     Plaintiff,

CASE NO. 6:16-CV-2079-ORL-40-GJK

vs.

NUTRASOURCE DIAGNOSTICS, INC.,

     Defendant,

_____/

## COMPLAINT

### And Demand for Jury Trial
### Injunctive Relief Sought

Plaintiff, KGK Synergize, Inc., ("KGK"), for its complaint against Defendant, Nutrasource Diagnostics, Inc. ("Nutrasource"), alleges as follows:

### NATURE OF ACTION

1.    This is an action by KGK against Nutrasource for copyright infringement arising under Title 17 of the United States Code, 17 U.S.C. §§ 101, *et seq.*

### PARTIES

2.    KGK is a foreign corporation organized under the laws of Canada with its principal place of business located at One London Place, Suite 1440, 255 Queens Avenue, London, Ontario, Canada. KGK transacts business in Orange County, Florida.

3.    Nutrasource is a foreign corporation organized under the laws of Canada with its principal place of business located at 120 Research Lane, Suite 203, University of Guelph

3541278

Research Park, Guelph, Ontario, Canada. Nutrasource transacts business in Orange County, Florida.

## JURISDICTION AND VENUE

4.  Exclusive subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

5.  This Court has personal jurisdiction over Nutrasource because they have operated, conducted, engaged in, or carried on a business or business venture in the State of Florida and it committed tortious acts within the State of Florida.

6.  Venue is proper in this District under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

7.  KGK is in a specialized business of clinical research and development. It provides contract research services to identify various health benefits of nutraceutical, biotechnology, and pharmaceutical products, including preclinical to clinical trials, data analysis and consultation. In addition, KGK provides product development services for nutraceutical and functional food products.

8.  KGK has been cultivating its business and business model since 1997. It has expended substantial funds and exerted countless hours to grow and enhance its customer relationships and standing in the industry.

9.  KGK owns a portfolio of intellectual property rights, including patents, trademarks, copyrights and trade secrets.

10. In 2015, KGK authored a proposal for a randomized, double-blind, placebo controlled parallel study to investigate the safety and toxicity of astaxanthin in dogs ("Study

Proposal"). On or about November 3, 2016, the U.S. Copyright Office registered the copyright in

the Study Proposal as Registration No. TXu002015284, which is incorporated by reference.

11.     In 2015, KGK provided a copy of the Study Proposal to AstaReal Technologies,

Inc. and/or FUJI Health Services ("AstaReal").

12.     Nutrasource is a direct competitor of KGK.

13.     AstaReal and/or Loren Brown, a former KGK employee, provided the Study

Proposal to Nutrasource.

14.     Nutrasource copied material portions of KGK's Study Proposal in making a

proposal to AstaReal to conduct a astaxanthin study.

15.     By using KGK's copyrighted Study Proposal and undercutting its price,

Nutrasource was able to win business from AstaReal.

16.     KGK did not authorize or license Nutrasource to copy or use its copyrighted

Study Proposal.

## COUNT I

### (Copyright Infringement)

17.     The foregoing factual allegations of the complaint are incorporated by reference.

18.     KGK's work is an original literary work of authorship pursuant to 17 U.S.C. §

102(a). The copyright in KGK's work is valid.

19.     KGK owns the entire right, title and interest in and to the copyrighted work.

20.     Nutrasource had access to KGK's work.

21.     Nutrasource copied, distributed and used KGK's work, without authorization or

permission, including without limitation, in making a proposal to AstaReal.

22.     Nutrasource's willful and unauthorized copying, distribution, and use of KGK's original work infringed KGK's copyright in violation of 17 U.S.C. § 501.

23.     Nutrasource profited from its infringement of KGK's copyright.

24.     KGK has been irreparably injured by Nutrasource's act of willful infringement and has suffered damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

KGK respectfully requests that this Court enter judgment against Nutrasource and that the following relief be granted:

a.     judgment for damages arising from Nutrasource's acts of willful copyright infringement and any additional profits and reasonable royalties attributable to Nutrasource's copyright infringement, a complete and accurate accounting thereof, and an award of statutory damages pursuant to 17 U.S.C. § 504;

b.     a preliminary and permanent injunction against continued copyright infringement pursuant to 17 U.S.C. § 502(a);

c.     attorneys' fees as allowed by law, including 17 U.S.C. § 505;

d.     imposition of a constructive trust;

e.     costs pursuant to Fed. R. Civ. P. 54(d) or as otherwise provided by law; and

f.     such other relief as the Court deems just and proper.

## JURY DEMAND

KGK hereby demands a jury trial on all issues so triable.

November 30, 2016                    Respectfully submitted,


                                     ZUMPANO PATRICIOS & WINKER, P.A.
                                     312 Minorca Avenue
                                     Coral Gables, FL 33134
                                     Tel:  305-444-5565
                                     Fax: 305-444-8588


                         By:     /s/ Leon N. Patricios
                                 Leon N. Patricios
                                 Florida Bar No. 0012777
                                 Lpatricios@zpwlaw.com
                                 Trial Counsel

                                 *Attorneys for Plaintiff*
                                 *KGK Synergize, Inc.*


Of Counsel:

Vito A. Gagliardi, Jr.
PORZIO, BROMBERG & NEWMAN PC
100 Southgate Parkway,
P.O. Box 1997
Morristown, NJ 07962-1997
VAGagliardi@pbnlaw.com

Kevin M. Bell
Scott A.M. Chambers, Ph.D.
Richard J. Oparil
PORZIO, BROMBERG & NEWMAN PC
1200 New Hampshire Ave. NW, Suite 710
Washington, DC 20036
(202) 517-1888
kmbell@pbnlaw.com
sachambers@pbnlaw.com
rjoparil@pbnlaw.com